1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                             SAN JOSE DIVISION

10   Ryan Investment Corp.,                       NO. C 06-03219 JW

11                  Plaintiff,                     **ORDER DENYING PLAINTIFF'S**
         v.                                        **MOTION TO AWARD PREJUDGMENT**
12                                                 **INTEREST**
     Pedregal De Cabo San Lucas, et al.,
13
                   Defendants.
14   _____/

15        Ryan Investment Corp. ("Plaintiff") filed this diversity action against Defendants[1] alleging,

16   *inter alia*, breach of a contract for services rendered in connection with the development of a resort

17   and hotel in Cabo San Lucas, Mexico.  The case was tried to the Court sitting without a jury, a jury

18   having been waived by both parties.  (See Docket Item Nos. 4 & 5.)

19        At the conclusion of the trial, pursuant to Federal Rule of Civil Procedure 52(a)(1), the Court

20   stated its findings of fact and conclusions of law on the record.  The Court found that Plaintiff was

21   entitled to damages in the sum of $1,500,000.  (See Transcript of Proceedings held on 11/18/08 at 39

22   hereafter, "Transcript," Docket Item No. 79.)  Plaintiff made an oral Motion for Prejudgment

23   Interest.  The Court invited the parties to submit post-trial briefs on the issue and ordered the matter

24

25

26   _____

27        [1] Defendants are Pedregal De Cabo San Lucas, Capella Pedregal-Cabo San Lucas, formerly
     known as Farallon Spa & Resort, Desarrolladora Farallon, Sociedad De Reponsabilidad Limitada De
28   Capital Variable, Leticia Diaz Rivera, Manuel Diaz Rivera and Juan Diaz Rivera.

**United States District Court**
For the Northern District of California

submitted on the papers.[2]  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court

DENIES Plaintiff's Motion for Prejudgment Interest.

In a diversity case, state law governs the allowance of prejudgment interest.  Mutuelles Unies

v. Kroll & Linstrom, 957 F.2d 707, 714 (9th Cir. 1992).  The Court has previously determined that

the substantive laws of California apply.  California Civil Code Section 3287 provides in pertinent

part:

> Every person who is entitled to recover damages certain, or capable of being made
> certain by calculation, and the right to recover which is vested in him upon a
> particular day, is entitled also to recover interest thereon from that day, except during
> such time as the debtor is prevented by law, or by the act of the creditor from paying
> the debt.

Cal. Civ. Code § 3287(a).

There are a number of factors which California courts have considered in deciding whether

prejudgment interest is recoverable.  The main factor is whether prior to judgment the amount of

damages is readily known or readily computable or whether the amount must await judicial

determination.  Axell v. Axell, 114 Cal. App. 2d 248, 256 (1952).  Another factor is the presence of

an offsetting counterclaim.  Wisper Corp. v. California Commerce Bank, 49 Cal. App. 4th 948

(1996).  In Kingsbury v. Arcadia Unified School Dist., 43 Ca. 2d 33, 44 (1954), the court held that

the large discrepancy between the amount of damages demanded in the prayer and the award

demonstrated uncertainty of the amount due sufficient to deny prejudgment interest.

In this case, Plaintiff claimed that Defendants had breached their promise to join with

Plaintiff to form a joint venture entity, in which Plaintiff would have an ownership interest.  Plaintiff

claimed damages in the amount of a monetary equivalent to the ownership percentage; Plaintiff was

not seeking a fixed amount.  Thus, implicit in the parties' agreement is that any damages would

require a judicial determination of the value of ownership.  In addition, Defendants asserted an

offsetting counterclaim.  Defendants admitted that no joint venture entity was formed with Plaintiff

---

[2] (Trial Brief: Plaintiff's Post-Trial Brief Re: Prejudgment Interest, Docket Item N0. 77; Trial Brief Re: Prejudgment Interest, hereafter, Docket Item No. 78.)

2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   because Plaintiff failed to provide funding and other consideration which he had promised.  This

2   failure delayed the construction and increased construction costs significantly.  Any award of

3   damages was contingent on resolving the counterclaim favorably to Plaintiff.

4            In its decision stated on the record at the conclusion of the trial, the Court found that neither

5   the entity contemplated by the parties had been formed nor had Plaintiff performed the actions

6   required by the agreement which entitled Plaintiff to an ownership interest.  (Transcript 36-38.)

7   However, in their agreement, the parties had contemplated such a contingency; the parties had

8   provided that under those circumstances, Plaintiff would be paid a fee, which would be calculated

9   based on the value of services which Plaintiff had rendered.  (Transcript at 38.)  The agreement

10  contained a percentage amount which was to be used for the calculation.  (Id.)  However, the parties

11  agreed that the percentage fee was to be applied to a base amount which was not definite or certain.

12  (Transcript at 39.)  Once the Court made its determination that Plaintiff was not entitled to damages

13  based on an ownership interest, it fell to the Court to make a finding of the amount which was

14  reasonable for the calculation of the fee based on the value of services contributed by Plaintiff.  (Id.)

15           Under these circumstances, the Court finds that the amount of damages was not certain until

16  the Court made its findings.  Section 3287(a) does not authorize prejudgment interest in a case like

17  this where the damages could not be resolved except by judgment.  Accordingly, the Court DENIES

18  Plaintiff's Motion for Prejudgment Interest.  Judgment will be entered accordingly.

19

20  Dated: January 30, 2009                              _____

21                                                                      JAMES WARE
                                                                        United States District Judge

22

23

24

25

26

27

28
                                                      3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

George John Berger gberger@allenmatkins.com
Mark Aloysius Connor oconnor@horanlegal.com

**Dated: January 30, 2009**                          **Richard W. Wieking, Clerk**

                                                     **By:   /s/ JW Chambers**
                                                            **Elizabeth Garcia**
                                                            **Courtroom Deputy**

United States District Court

For the Northern District of California