*E-Filed 12/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RYAN INVESTMENT CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>PEDREGAL DE CABO SAN LUCAS; CAPELLA PEDREGAL – CABO SAN LUCAS, formerly known as FARALLON SPA & RESORT; JUAN DIAZ RIVERA, an individual; DESARROLLADORA FARALLON, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, commonly known as DESARROLLADORA FARALLON S. DE R.L.; and DOES 1 through 20, inclusive,<br><br>      Defendants.<br>_____/<br><br>DESARROLLADORA FARALLON, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE,<br><br>      Counter-Claimant,<br>  v.<br><br>RYAN INVESTMENT CORPORATION, a California Corporation; and BRENT R. WALDMAN, an individual,<br><br>      Counter-Defendants.<br>_____/ | **No. C 06-3219 JW (RS)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

MEH

1

NO. C 06-3219 JW (RS)
ORDER

## INTRODUCTION

This discovery dispute has arisen post-judgment and is governed by Federal Rule of Civil Procedure 69(a)(2), which regulates discovery in aid of judgment or execution. As set forth below, plaintiff's motion to compel is granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

In March 2009, the presiding judge in this real estate contract dispute entered judgment in favor of plaintiff Ryan Investment Corporation and against defendants Pedregal de Cabo San Lucas, Leticia Diaz Rivera, and Manuel Diaz Rivera, jointly and severally, in the amount of $1,500,000.00. Defendants' appeal is currently pending before the Ninth Circuit. Meanwhile plaintiff has begun discovery proceedings to aid in execution of its judgment, propounding numerous interrogatories and requests for production ("RFPs") on defendants. Apparently defendants' assets in the United States are limited to a few dormant bank accounts. As to their assets in Mexico, defendants have informed plaintiff that they "will not at this time provide any specifics." Furthermore, they object to many of plaintiff's discovery requests on the grounds of overbreadth, privilege, harassment, and "third party confidentiality." Plaintiff has therefore brought this motion to compel defendants to respond to both its interrogatories and its RFPs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 provides, in pertinent part: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978). One purpose of such special discovery is "to identify assets that can be used to satisfy a judgment." *1ST Tech., LLC v. Rational Enters. Ltd.*, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007). Another purpose is "to discover concealed or fraudulently transferred assets." *Fid. Nat'l Fin., Inc. v. Friedman*, 2007 WL

446134, at *2 (D. Ariz. Feb. 7, 2007); *see also British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000) ("*British International II*") (noting that post-judgment discovery can be used to gain information relating to the "existence or transfer of the judgment debtor's assets").

Generally, the scope of post-judgment discovery is broad. "'[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *1ST Technology*, 2007 WL 5596692 at *4 (quoting *British International II,* 200 F.R.D. at 588). Further, due to its broad scope, a party is free to use any means of discovery allowable under the Federal Rules of Civil Procedure. *Sec. and Exch. Comm'n v. Tome*, 1987 WL 9415, at * 1 (S.D.N.Y. Apr. 3, 1987); *see also* Fed. R. Civ. P. 69 advisory committee's note to 1970 Amendment ("The amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available[.]"). "A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located." *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000) ("*British International I*") (internal citations omitted).

ANALYSIS

A.   Effect of Foreign Law on Rule 69 Discovery Proceedings

Defendants' principal objection is that Mexican law bars the execution of the March 2009 judgment on defendants' Mexican property until the entire case, including the appeal, is complete.[1] Defendants reason that, if their property cannot yet be subject to execution, it is premature to supply plaintiff with information about such property.

The Ninth Circuit has not directly addressed this issue, nor has it arisen in many other judicial decisions. In *British International I*, an opinion from the Southern District of New York,

---

[1] The papers pertaining to this motion do not contain a request for judicial notice of relevant Mexican law to this effect. Nonetheless, it appears undisputed that Mexican law bars execution of judgments while an appeal is pending, and the Court will so assume for purposes of this motion.

the execution of an American judgment on property located in Mexico was at issue. 2000 WL 713057, at *6.  Contrary to the present action, in that case there was no pending appeal. Rather, all that remained was a parallel Mexican proceeding which sought to challenge the result in the American case. *Id.* at *1.  In ruling that Rule 69 discovery could proceed despite the Mexican action, the court noted: "Indeed, if this action did not involve a second lawsuit in a foreign country, [the losing party] would be able to reverse this Court's judgment only by successfully prosecuting an appeal.  Absent the entry of a stay, however, [the prevailing party] would be entitled to conduct asset discovery during the pendency of that appeal." *Id.* at *6.  The court then cited settled authority indicating that discovery in aid of execution is not precluded by the filing of an appeal. *Id.*; *see also Brae Asset Funding, L.P. v. Applied Financial, LLC*, 2006 WL 3497876, at *3 (N.D. Cal. Dec. 4, 2006) (holding that "'discovery in aid of its execution is not precluded by the filing of an appeal'" (quoting *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246 (11th Cir. 1982)).

The decision in *British International I* is consistent with the built-in choice of law language in Rule 69(a)(2) itself, which provides that discovery may proceed "as provided in these rules or by the procedure of the state where the court is located"—thereby suggesting that the discovery procedures in the Federal Rules can trump equivalent procedures in the jurisdiction where the assets are located.[2]  For these reasons, defendants' objections based on Mexican law must fall.

B.  Overbreadth

Defendants also contend that many of plaintiff's discovery requests suffer from overbreadth, first because they request information reaching as far back as 2006; and second because they request information concerning all transfers in amounts over $500—an amount which defendants contend is too low.[3]

---

[2] This is not to say that Mexican law bars discovery in aid of execution while an appeal is still pending.  Tellingly, defendants have only asserted that Mexican law bars execution of a judgment, not discovery in aid of such execution.

[3] The only discovery requests that actually contain a lower limit of $500 are RFPs 3 and 7, and thus these are the only discovery requests to which this sub-dispute pertains.

4

MEH

No. C 06-3219 JW (RS)
ORDER

As to the former concern, the complaint indicates that the parties first began business dealings in 2002, and plaintiff commenced this case in April 2006. The time period from 2006 to the present is a reasonable time period for the scope of Rule 69 discovery. This type of discovery is designed specifically to aid in the enforcement of the court's judgment, and, as noted above, its scope is necessarily very broad. *1ST Technology*, 2007 WL 5596692 at *4.

As to the amount which triggers the disclosure obligation, "[a]ny non-*de minimis* transfers of assets after [the date at which the disclosing party knows the extent of its liability] could be construed as an attempt by [that party] to avoid his financial obligation . . . by liquidating any personal holdings that might be levied upon in the event of default." *Dering v. Pitassi*, 1988 WL 115806, at *2 (E.D. Pa. October 26, 1988). While defendants complain that plaintiff's $500 "floor" is too low and will cause unnecessary and irrelevant disclosure, they make no specific showing in support of that claim. Rather, by all appearances, defendants will have to examine the same body of information and records to respond to plaintiff's discovery requests, whether the "floor" is $500, $5,000, or any other amount. It is possible to imagine circumstances in which transactions in the $500 range might be considered "*de minimis*," but in this case defendants have shared no information about the kind of transactions in which they typically engage. Accordingly, plaintiff's motion to compel will be granted insofar as it requests information on defendants' financial transactions dating back to 2006 and disclosure of all transactions over $500.

C.   Privilege

Defendants next contend that three of plaintiff's requests for production (7, 8, and 15) seek materials that are privileged under the attorney-client privilege and the work product doctrine. Defendants have not, however, produced a log detailing any materials being withheld on such privilege grounds.

As noted at the hearing, counsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log. As to other materials, however, such as publicly available documents filed with the Mexican courts, no privilege would attach. Plaintiff's motion to compel is therefore denied to

5

MEH

the extent it seeks to require a log of post-litigation counsel communications and work product, but is granted to the extent that any other materials withheld on privilege grounds must be accounted for on a privilege log. *See In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir.1992).[4] Should plaintiff later wish to press for disclosure of the logged items, it may bring a motion to compel at that time.

D.     Third Party Confidentiality

Defendants also object to responding to several of plaintiff's discovery requests on the grounds that they seek private and confidential information about third parties.[5] Third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets. *Caisson Corp. v. County W. Bldg. Corp.*, 62 F.R.D. 331, 334 (D. Pa. 1974). Nonetheless, discovery may be permitted where the relationship between judgment debtor and nonparty is sufficient to raise a reasonable doubt about the "bona fides of the transfer of assets." *Strick Corp. v. Thai Teak Prods. Co.*, 493 F. Supp. 1210, 1218 (D. Pa. 1980). Here, defendants have failed to explain exactly why plaintiff's discovery requests would require third parties to disclose their own private information. Insofar as information exists about *defendants'* assets, however, plaintiff is entitled to that information. Defendants are instructed to respond to plaintiff's discovery requests with these considerations in mind.

E.     Harassment

As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, "but a judgment creditor is *entitled* to fish for assets of the judgment debtor." *Banco Cent. de Para. v. Para. Humanitarian Found.*, 2006 WL 3456521, at *9 (quoting *Capital Co.*

---

[4] "[P]rivilege logs must be sufficiently detailed to allow informed evaluation of the objecting party's claims. To that end, this Court will require that privilege logs separately identify each document withheld under claim of privilege, and set forth for each document (1) its type (i.e., letter, memo, notes, etc.), (2) its author, (3) its intended recipients, (4) the names of any other individuals with access to the document, (5) the date of the document, (6) the nature of the claimed privilege (i.e., attorney-client, work-product, etc.), and (7) a brief summary of the subject matter of the document." *In re Grand Jury Investigation*, 974 F.2d at 1070.

[5] Specifically, defendants raise this objection as to RFPs 1, 3-5, 7, 16, 17, and 20-27; and Interrogatories 9-13, 15, 19, and 32-34.

*v. Fox*, 15 F. Supp. 677, 678 (S.D.N.Y. 1936)) (emphasis added).  Of course, discovery requests propounded solely to harass must be forbidden.  *Caisson*, 62 F.R.D. at 334.  None of the requests listed by defendants warrants such a characterization.[6]  Without more specific information as to why defendants believe such requests exist only for this purpose, their objections must be overruled.

F.  <u>Response Already Complete</u>

Finally, defendants claim that they have responded completely to RFPs 8, 15, 18, and 19.  It is not entirely clear whether plaintiff disputes this claim.  To the extent that any material responsive to these requests remains to be produced, defendants will be required to complete that production within 20 days of the date of this order.

## CONCLUSION

Plaintiff's motion to compel is granted in part and denied in part as set forth above.

IT IS SO ORDERED.

Dated: 12/18/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[6] This list includes RFPs 1, 3, 4, 7, 8, and 20-27; and Interrogatory 19.

MEH

7

No. C 06-3219 JW (RS)
ORDER